UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON,<br><br>   Plaintiff,<br><br> v.<br><br>V. ALN, et al.,<br><br>   Defendants. | Case No.: 1:22-cv-00811 BAK (GSA) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

  Plaintiff Harvey Eugene Larson is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On July 1, 2022, Plaintiff filed an Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 2.)

  Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

**I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

  28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.     DISCUSSION

The Court takes judicial notice[1] of three of Plaintiff's prior lawsuits that were dismissed as frivolous or for a failure to state a claim upon which relief may be granted: (1) *Larson v. Schwarzenegger, et al.*, Case No. 2:06-cv-0940-GEB-GGH-P, 2007 WL 90419 (E.D. Cal. Jan. 9, 2007); (2) *Larson v. Patton, et al.*, Case No. CIV S-01-1043 FCD JFM P, 2007 WL 3023333 (E.D. Cal. Oct. 15, 2007); and (3) *Larson v. Runnels, et al.*, Case No. CIV S-07-0806 FCD DAD P, 2008 WL 313963 (E.D. Cal. Feb. 4, 2008). Each of these actions was dismissed prior to the commencement of the current action on July 1, 2022.[2] Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges trust account personnel failed to notify him of a deposit into his account on April 1, 2021, and that certain other defendants failed to provide Plaintiff with a letter "from Patent Office at mail call," which apparently led to Plaintiff being unable to refile a patent application because Plaintiff did not know "he had money on the books." (Doc. 1 at 3.) Plaintiff further contends trust account personnel "collected restitution from money the Patent Office has refunded" in violation of "Title 15, Section 3097 …." (*Id.*) Plaintiff does not allege or even suggest that he is under imminent danger of serious physical injury. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action.

//
//

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A Pacer search employing Plaintiff's first name, middle initial and last name, conducted on July 6, 2022, reveals a total of 23 cases filed in the Ninth Circuit Court of Appeals, 2 cases filed in the Central District of California, 33 cases filed in the Eastern District of California, 1 case in the Northern District of California, and 16 cases filed in the Southern District of California.

2

## III. ORDER AND RECOMMENDATIONS

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 6, 2022**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE