UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON,<br><br>    Plaintiff,<br><br>    v.<br><br>V. ALN, et al.,<br><br>    Defendants. | No. 1:22-cv-00811-DAD-BAK (GSA) (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 7) |

Plaintiff Harvey Eugene Larson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis* on July 1, 2022. (Doc. Nos. 1, 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2022, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be denied because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 7) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1051−55 (9th Cir. 2007)). The magistrate judge also recommended that plaintiff be ordered to pay the required $402.00 filing fee in full in order to proceed with this action. (*Id.* at 3.) The findings and

1

1 | recommendations were served on plaintiff and contained notice that any objections thereto were
2 | to be filed within fourteen (14) days after service.  (*Id*.)  Plaintiff timely filed objections to the
3 | pending findings and recommendations on July 22, 2022.  (Doc. No. 9.)

In his objections to the pending findings and recommendations, plaintiff contends that he is not subject to the three strikes bar under § 1915(g) because the orders relied upon in the findings and recommendations as strikes, as well as orders in several other cases brought by him that were not relied upon in the pending findings and recommendations, should not qualify as strike dismissals under that statute. (Doc. No. 9 at 2–14.)  However, the court concludes that plaintiff is mistaken in his understanding and application of § 1915(g).  The undersigned has reviewed the dockets in the three cases that were dismissed by the orders relied upon in the pending findings and recommendations, and has determined that all three of those orders qualify as strike dismissals under § 1915(g) because in each of those cases, a district judge issued an order dismissing that action due to plaintiff's failure to state a cognizable claim.  (*See* Doc. No. 7 at 2) (citing dismissal orders).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on July 6, 2022 (Doc. No. 7) are adopted;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within thirty (30) days from the date of service of this order, plaintiff shall pay the $402.00 filing fee in full in order to proceed with this action;
4. Plaintiff is forewarned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and

/////

/////

5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**July 26, 2022**__  

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE